IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 22-20002-02-DDC |
| v. | |
| JESSICA HOWELL (02), | |
| Defendant. | |

**MEMORANDUM AND ORDER**

Defendant Jessica Howell has filed a pro se[1] Motion for Reduction of Sentence (Doc. 276).  The motion invokes 18 U.S.C. § 3582(c)(2), which authorizes the court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"  Ms. Howell asserts that the Sentencing Commission lowered her sentence with the retroactive Amendment 821 to the Sentencing Guidelines, which, as relevant here, adjusts certain defendants' criminal-history points.  Doc. 276 at 1.

Amendment 821 Part A lowers the criminal-history points a defendant receives if she committed the offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  United States Sentencing Commission, *Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 [https://perma.cc/P99Z-2EYZ] (last visited Nov. 6, 2025).  The Guidelines previously added two

---

[1]  People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

criminal-history "points if the defendant committed the instant offense while under any criminal justice sentence[.]" U.S.S.G. § 4A1.1.(d) (2021).  Following Amendment 821, the Guidelines now add just one criminal-history point if the defendant committed the offense while under a criminal-justice sentence—and only if the defendant received seven or more criminal-history points.  U.S.S.G. § 4A1.1.(e) (2024).

Amendment 821 took effect on November 1, 2023.  The Probation Office filed Ms. Howell's Presentence Investigation Report (PSR) on December 4, 2023.  Doc. 237.  So, the PSR takes Amendment 821 into account.  The PSR notes that Ms. Howell's criminal history scored seven points, and that Ms. Howell committed her offense under a criminal-justice sentence.  *Id.* at 22 (PSR ¶ 98).  The PSR then adds only one additional point.  *Id.*  The court adopted the PSR at sentencing in February 2024.  Doc. 259 at 1.

In sum, Ms. Howell already has received the benefit of Amendment 821 and the court may not reduce her sentence any further.  *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017) (explaining that, to secure sentence reduction under § 3582(c)(2), "the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing" and if the defendant fails to make this showing, "the district court lacks jurisdiction over the defendant's motion and the motion must be dismissed").

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Jessica Howell's Motion for Sentence Reduction (Doc. 276) is dismissed.

**IT IS SO ORDERED.**

**Dated this 10th day of November, 2025, at Kansas City, Kansas.**

                                                    **s/ Daniel D. Crabtree**
                                                    **Daniel D. Crabtree**
                                                    **United States District Judge**